**MASJID AL–TAWHEED INC., Plaintiff,**

**Imam Ishmael Ali, Plaintiff–Appellant,**

**v.**

**TOWN OF PUTNEY, et al., Defendants–Appellees,**

**Ene Evaluator, Defendant.**

**No. 08–1191–cv.**

United States Court of Appeals, Second Circuit.

July 7, 2009.

Imam Ishmael Ali, pro se, Springfield, MS, for Appellant.

Philip C. Woodward, Woodward & Kelley, PLLC, South Burlington, VT, Richard H. Coutant, Salmon & Nostrand, Bellows Falls, VT, for Appellees.

PRESENT: ROGER J. MINER, RICHARD C. WESLEY, Circuit Judges, and TIMOTHY C. STANCEU,* Judge.

### SUMMARY ORDER

Appellant Imam Ishmael Ali, *pro se*, appeals the district court's dismissal of his complaint alleging that the defendants discriminated against him in violation of 42 U.S.C. § 1981 and the Americans with Disabilities Act ("ADA"), in connection with Ali's efforts to obtain tax-exempt status for Masjid Al–Tawheed Inc. ("the Masjid"), and to prevent the related sale at auction of property belonging to the Masjid. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court "review[s] *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir.2002). In evaluating a complaint pursuant to Rule 12(b)(6), we must determine if the complaint pleads "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Here, the district court properly concluded that Ali's complaint, liberally construed, did not plead enough facts to state a plausible claim. To establish a claim of racial discrimination under § 1981, Ali would have to allege facts demonstrating that: (1) he was a member of a racial minority; (2) the defendants had intended to discriminate on the basis of race; and (3) the defendants had discriminated with regard to one of the statute's enumerated activities. *See Brown v. City of Oneonta*, 221 F.3d 329, 339 (2d Cir. 2000). However, Ali did not allege any facts which, if presumed to be true, would have allowed the district court to conclude that the defendants discriminated against him because of his race in any way actionable under § 1981. At most, he alleged that he had heard from a third party that Putney Town Clerk Anita Coomes, had made unspecified derogatory comments,

---

* The Honorable Timothy C. Stanceu of the United States Court of International Trade, sitting by designation.

**62**

which were not alleged to have been related to the actions that were the subject of the complaint. The district court properly concluded that these "naked assertions" could not support a finding of a constitutional violation. *See Martin v. N.Y. State Dep't. of Mental Hygiene,* 588 F.2d 371, 372 (2d Cir.1978). Similarly, the facts alleged do not state an equal protection claim under 42 U.S.C. § 1983 because Ali did not sufficiently plead a claim of intentional discrimination. *See Brown,* 221 F.3d at 337.

■ Although Ali need not allege intentional discrimination to state a claim under Title II of the ADA, *see Tsombanidis v. W. Haven Fire Dep't.,* 352 F.3d 565, 573 (2d Cir.2003), the district court properly dismissed his claim because, even if it were assumed that Ali qualified for protection under the ADA, he did not allege facts demonstrating that the defendants knew of his disability when they declined to reschedule a town board meeting, *see Bartlett v. N.Y. State Bd. of Law Examiners,* 226 F.3d 69, 86 (2d Cir.2000). Instead, Ali alleged only that a town board member had showed sympathy at the meeting because she "saw [Ali's] inability to express ideas clearly."

Finally, although Ali has abandoned any argument that the district court abused its discretion in dismissing the complaint with prejudice, *see LoSacco v. City of Middletown,* 71 F.3d 88, 92–93 (2d Cir.1995), we note that the district court properly found that granting Ali leave to amend his complaint for a third time would have been futile, *see Hayden v. County of Nassau,* 180 F.3d 42, 53–54 (2d Cir.1999).

Accordingly, there is no basis on which to challenge the judgment of the district court, and it is hereby **AFFIRMED.**